974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marco VARGAS, Defendant-Appellant.
 No. 91-50546.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Sept. 2, 1992.
 
 1
 Appeal from the United States District Court for the Central District of California, CR 91-232-HLH; Harry L. Hupp, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB, District Judge.**
 
 
 5
 MEMORANDUM***
 
 
 6
 Marco Vargas appeals his conviction, arguing that he was denied his Sixth Amendment right of compulsory process because the prosecutor intimidated one of his witnesses into refusing to testify. Because Vargas has failed to make a prima facie showing of such prosecutorial misconduct, we affirm.
 
 ANALYSIS
 
 7
 Vargas claims that the prosecutor's alleged threat to a possible defense witness violated Vargas' Sixth Amendment right of compulsory process, and denied him the right to "present his own witnesses to establish a defense." Washington v. Texas, 388 U.S. 14, 19 (1967). However, one's Sixth Amendment right to secure exculpatory witnesses "does not include the right to compel [a] witness to waive his [or her] Fifth Amendment privilege. Nor is an accused entitled to compel a prosecutor to grant immunity to a potential defense witness to get him [or her] to testify." United States v. Paris, 827 F.2d 395, 399 (9th Cir.1987) (quoting United States v. Trejo-Zambrano, 582 F.2d 460, 464 (9th Cir.), cert. denied, 439 U.S. 1005 (1978)).
 
 
 8
 In making his claim of prosecutorial misconduct, Vargas bears the initial burden of producing a prima facie case. He must show that the prosecutor "intentionally distorted the fact-finding process by causing a witness to invoke the fifth amendment privilege." United States v. Patterson, 819 F.2d 1495, 1506 (9th Cir.1987) (emphasis original). It is Vargas' "burden to make a prima facie showing on the record of prosecutorial misconduct." Paris, 827 F.2d at 401 n. 3. (emphasis original); See also Patterson, 819 F.2d at 1506.
 
 
 9
 There is no evidence in the record to constitute such a prima facie showing. The sum total of Vargas' showing is his own attorney's hesitant, unsworn, hearsay allegation of the prosecutor's misconduct. There is no affidavit or sworn testimony from Vargas' attorney, the witness, or the witness' attorney. Unsubstantiated claims do not meet the defendant's burden of showing that a prosecutor's misconduct has caused a defense witness to invoke his or her Fifth Amendment privilege. Patterson, 819 F.2d at 1506. Vargas offers only his attorney's unsworn, unsubstantiated "feeling," that the witness refused to testify because he was threatened. "Feelings" are emotions, not evidence.
 
 
 10
 It is apparent from the record that the witness ran a grave risk of incriminating himself if he testified at Vargas' trial. See 18 U.S.C. § 5032. Recognizing this, an experienced public defender advised him of his right to be silent. The fact that the public defender advised the witness not to testify, and did so without calling the court's attention to any coercive prosecutorial threats, is good evidence to the contrary that the witness was not coerced into invoking his testimonial privilege. See Patterson, id. ("appellants admit [the witness's] counsel advised her to assert her privilege"). Vargas has failed to make a prima facie showing of prosecutorial misconduct. His conviction is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3